IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL HAMILTON,

        Plaintiffs,                  No. CIV S 12-2727 KJM KJN

    v.

SOLANO IRRIGATION DISTRICT,
et al.,                                  ORDER

        Defendants.
_____/

        Plaintiff Michael Hamilton (Hamilton) has filed a complaint against Solano Irrigation District (SID), Kevin King (King) and David Mansfield (Mansfield) (collectively "defendants") alleging six claims stemming from the loss of his job as a mechanic for SID: (1) disability discrimination, 42 U.S.C. § 12101; (2) disability discrimination, CAL. GOV'T CODE §12900; (3) violation of his First Amendment rights, 42 U.S.C. § 1983; (4) violation of California Labor Code §1102; (5) whistleblower retaliation in violation of California Labor Code § 1102.5; and (6) intentional infliction of emotional distress.  He seeks compensatory and punitive damages.

        All defendants have moved to dismiss the sixth cause of action for intentional infliction of emotional distress; King and Mansfield have moved to dismiss the request

//////

for punitive damages.  Plaintiff has opposed the motion.  The court ordered it submitted without argument and now DENIES the motion.

I. STANDARD FOR A MOTION TO DISMISS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and  accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint.

2

1  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). A court's
2  consideration of documents attached to a complaint or incorporated by reference or matter of
3  judicial notice will not convert a motion to dismiss into a motion for summary judgment.
4  *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*,
5  51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc.*, 284 F.3d
6  977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to
7  dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).
8  II.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
9        Defendants argue that under the California Government Code, a public agency
10 and public employees acting in the scope of their employment cannot be liable for common law
11 torts, including intentional infliction of emotional distress (IIED). Plaintiff does not dispute that
12 the SID is a public agency within the meaning of this section.
13       Government Code section 815(a) provides in relevant part: "Except as otherwise
14 provided by statute . . . [a] public entity is not liable for any injury, whether such injury arises
15 out of an act or omission of the public entity or a public employee or any other person." As a
16 result, a public agency's direct tort liability "must be based on a specific statute declaring [public
17 agencies] to be liable, or at least creating some specific duty of care . . . ." *Eastburn v. Reg'l*
18 *Fire Prot. Auth.*, 31 Cal. 4th 1175, 1183 (2003). Any attempt to impose direct tort liability on
19 SID is barred by this statute. However, a public agency may be vicariously liable for an
20 employee's act or omission within the scope of employment "if the act or omission would . . .
21 have given rise to a cause of action against that employee . . . ." CAL. GOV'T CODE § 815.2(a);
22 *Eastburn*, 31 Cal. 4th at 1180. Under California Government Code § 820(a), "a public
23 employee is liable for injury caused by his act or omission to the same extent as a private
24 person." Defendants have pointed to nothing to suggest that defendants King and Mansfield
25 would not be liable, and thus SID not vicariously liable, for intentional infliction of emotional
26 distress. Moreover, section 815(a) does not preclude suit against Mansfield and King, as this

1 section applies only to public entities, not public employees. *Jacobsen v. Schwarzenegger*, 357
2 F. Supp. 2d 1198, 1215 (C. D. Cal. 2004). The motion to dismiss on the ground of governmental
3 immunity is denied.

4     At the end of their argument, defendants state, "[a]dditionally, Plaintiff has not
5 even identified what actions were taken by King or Mansfield that would create any sort of
6 liability. . . Plaintiff's complaint is vague in that it is unclear what acts King and/or Mansfield
7 were allegedly involved in that would give rise to any sort of liability." ECF No. 5-1 at 4. They
8 cite no authority. In reply, defendants contend that these two sentences constitute a challenge to
9 the factual adequacy of the IIED claim. They are incorrect: a position argued in such a
10 conclusory manner is waived. *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010)
11 (finding that an argument made in two sentences without citation to authority was waived).

12 III. PUNITIVE DAMAGES

13     Citing California Government Code § 818, defendants argue that a party cannot
14 recover punitive damages from a public entity. Plaintiff agrees that Government Code § 818
15 precludes the assessment of punitive damages against a public agency, but notes that he is
16 seeking punitive damages only against defendants King and Mansfield. In *Runyon v. Superior*
17 *Court*, 187 Cal. App. 3d 878, 880-81 (1986), the California Court of Appeal rejected the
18 argument defendants make here and held that "[a] proper interpretation of Government Code
19 section 818 is that it prohibits a claim of punitive damages against a public entity, but not against
20 individual public employees." *See also Fenters v.Yosemite Chevron*, No. CV-F-05-1630
21 OWW/DLB, 2006 WL 2016536, at *10 (E.D. Cal. Jul 17, 2006) (same).

22     IT IS THEREFORE ORDERED that defendants' motion to dismiss, ECF No.5, is
23 denied.

24 DATED: April 11, 2013.

25
26                                   UNITED STATES DISTRICT JUDGE

4